WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chad McAllister, et al., | No. CV-15-02204-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Alan Halls, et al., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to stay arbitration proceedings, (Doc. 10), and Defendants' motion to dismiss or stay proceedings and compel arbitration, (Doc. 16). Both motions are fully briefed, and neither party requested oral argument. For the reasons stated below, Plaintiffs' motion is denied and Defendants' motion is granted.

## BACKGROUND

Since 1998, Plaintiff Chad McAllister has held various positions as a tutor and lecturer at Arizona State University ("ASU"), focusing on holding exam review sessions for science classes. (Doc. 1, ¶ 18.) His lectures grew in popularity, and he eventually developed specialized review sessions for professional admissions exams, such as the Dentistry Admission Test and the Medical College Admission Test. (*Id.*, ¶¶ 19, 23.)

In 2007, Defendant Alan Halls, a pre-dentistry student, created a website forum, CourseSaver.com, on which he posted class notes and other class materials. (*Id.*, ¶ 28.) Halls eventually began attending McAllister's review sessions and obtained permission

from McAllister to film the lectures and post them to his "coursesaver.com" website. (*Id.*, ¶¶ 29-31.) Halls' website grew, and he began recording all of McAllister's review sessions, eventually creating another website – Chadsreview.org. (*Id.*, ¶ 39.)

On May 18, 2011, Halls and McAllister signed a "Coursesaver.com" Partnership Agreement wherein McAllister's lectures would be distributed via the coursesaver.com website. (*Id.*, ¶¶ 41-42.) Halls and McAllister agreed to split the profits of the website equally. (*Id.*, ¶¶ 44-45.) In addition, McAllister was responsible for creating and editing the content of the lectures, and Halls was responsible for design and technology issues related to the website. (*Id.*, ¶¶ 48-49.) The agreement contained an arbitration provision, which provides:

> Any controversy or claim arising out of or relating to this Agreement, or the breach hereof, shall be settled by arbitration without attorneys in accordance with the rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.

(Doc. 16-1 at 4.)

On June 7, 2011, McAllister formed Chad's Videos, LLC with his father. (Doc. 1, ¶ 52.) On November 21, 2011, Halls formed Course Saver, LLC – Arizona. (*Id.*, ¶ 56.) In June 2014, the partnership soured, and the parties began to dispute ownership of the course materials, website, and other related intellectual property. (*Id.*, ¶¶ 85, 117-24.) In mid-2015, Halls and Course Saver, LLC filed a demand for arbitration of the dispute against McAllister and Chad's Videos, LLC before the American Arbitration Association ("AAA") Commercial Tribunal. (*Id.*, ¶ 120; *see also* Doc. 27-1.)

On November 2, 2015, Plaintiffs Chad and Jordan McAllister; Mind Smoothie, LLC; Chad's Videos, LLC; and CourseSaver.com filed a trademark and copyright infringement action against Defendants Alan and Tamara Halls; Course Saver, LLC – Arizona; and Course Saver, LLC – Utah. Shortly thereafter, Plaintiffs filed a motion to stay arbitration proceedings, (Doc. 10), and Defendants responded with a motion to dismiss this action and compel arbitration, (Doc. 16.)

## LEGAL STANDARD

The Federal Arbitration Act "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original). The court must compel arbitration where: (1) a valid agreement to arbitrate exists, and (2) the agreement encompasses the dispute at issue. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). "Where a contract contains an arbitration clause, courts apply a presumption of arbitrability as to particular grievances, and the party resisting arbitration bears the burden of establishing that the arbitration agreement is inapplicable." *Wynn Resorts, Ltd. v. Atlantic–Pacific Capital, Inc.*, 497 F. App'x 740, 742 (9th Cir. 2012) (internal citations omitted); *see also AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("We have described [§ 2 of the FAA] as reflecting . . . a 'liberal federal policy favoring arbitration[.]'").

## ANALYSIS

Plaintiffs do not dispute the validity of the arbitration provision in the Partnership Agreement. Instead, they argue the Court should stay the arbitration proceedings for four reasons: (1) Course Saver, LLC – Utah is not a signatory to the arbitration agreement; (2) Chad's Videos, LLC is not a signatory to the contract; (3) only two counts alleged in the demand for arbitration fall within the scope of the arbitration agreement; and (4) there are necessary and indispensable parties that are not subject to the arbitration, and thus the arbitration cannot provide the relief requested. (Doc. 10 at 2-3.) These matters concern the issue of arbitrability. Defendants argue that the parties agreed the arbitrator would determine arbitrability, and therefore the Court should defer to the arbitrator's decision. (Doc. 16 at 2.) Defendants also assert that the claims raised in this action are subject to arbitration. The Court agrees with Defendants.

**I. Arbitrability**

"Although gateway issues of arbitrability presumptively are reserved for the court,

the parties may agree to delegate them to the arbitrator." *Momot v. Mastro*, 652 F.3d 982, 987 (9th Cir. 2011); *see also Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69-70 (2010) (holding that delegation of authority to arbitrator to determine the enforceability and scope of arbitration agreement was valid under FAA). "[T]he Supreme Court has cautioned that '[c]ourts should not assume that the parties agreed to arbitrate arbitrability unless there is 'clear and unmistakable' evidence that they did so." *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "Such '[c]lear and unmistakable 'evidence' of agreement to arbitrate arbitrability might include . . . a course of conduct demonstrating assent . . . or . . . and express agreement to do so.'" *Id.* (quoting *Rent-A-Center*, 561 U.S. at 79-80).

The Court finds clear and unmistakable evidence that the parties intended to delegate the issue of arbitrability to the arbitrator. The arbitration provision expressly provides that any "controversy or claim arising out of or relating to this Agreement . . . shall be settled by arbitration . . . in accordance with the rules . . . of the [AAA]." (Doc. 16-1 at 4.) Rule 7(a) of the AAA provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AAA Commercial Arbitration Rule 7(a). Indeed, the Ninth Circuit recently held that "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015).

Here, the arbitrator has the authority to determine whether the claims raised in the demand, as well as the parties named, are subject to arbitration via the provision in the Partnership Agreement. In addition, claims raised in the instant action, which are the same as those raised in the demand, are subject to the arbitrator's authority to determine arbitrability. The Court may not issue its own ruling on the scope of the agreement where a valid arbitration provision delegates this authority to the arbitrator. Plaintiffs' motion to stay is denied, and Defendants' motion to compel is granted.

## II. Stay/Dismissal of the Instant Case

"Pursuant to [§ 3 of the FAA], the Court is required to stay proceedings pending arbitration if the Court determines that the issues involved are referable to arbitration under a written arbitration agreement." *Meritage Homes Corp. v. Hancock*, 522 F. Supp. 2d 1203, 1211 (D. Ariz. 2007). The Court, in its discretion, may also dismiss the case. *See id.*

On December 24, 2015, the arbitrator determined that all of the claims raised in the demand, which are substantially identical to those raised in this action, are subject to arbitration. (Doc. 27-1 at 6.) The arbitrator also determined that McAllister may be compelled to arbitrate claims brought by non-signatory Course Saver, LLC – Utah. (*Id.* at 5.) Because the matter will proceed to arbitration, the Court finds dismissal of the instant action is appropriate.

**IT IS ORDERED** that Plaintiffs' motion to stay the arbitration proceedings, (Doc. 10), is **DENIED**, and Defendants' motion to compel arbitration and dismiss the action, (Doc. 16), is **GRANTED**. The Clerk shall terminate this action.

Dated this 11th day of February, 2016.

Douglas L. Rayes
United States District Judge